UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No. 21-cv-6123

RAMONE REID,

                      Plaintiff,  **COMPLAINT**

- against -

                                                                **PLAINTIFF DEMANDS**

UNITED PARCEL SERVICE, INC.,  **A TRIAL BY JURY**
and Darren Zigon, Individually,

                      Defendant.

------------------------------------------------------------------------X

RAMONE REID ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, PLLC, against UNITED PARCEL SERVICE, INC. ("Defendant" or "UPS"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the race discrimination provisions of **42 U.S.C.** § 1981 ("Section 1981"); (ii) the race discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL") ; (iii) the race discrimination provisions of the **Suffolk County Human Rights Law**, Laws of Suffolk County, New York, Part II § 528 et seq. ("SCHRL"), and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks redress for the injuries he has suffered as a result of his employer's **discrimination** solely based on his race when his supervisor verbally abused him by calling him a "Nigger."

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

4. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6. Plaintiff is a Black man and a resident of the State of New York, Suffolk County. At all relevant times herein, Plaintiff was and is a "person" and "employee" of Defendant entitled to protection as defined by §1981, NYSHRL, and SCHRL.

7. Upon information and belief, at all relevant times herein, Defendant is a corporation organized under the laws of Delaware, with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

8. At all relevant times herein, Defendant United Parcel Service, Inc. (hereafter "UPS") "employs" fifteen or more "employees," and is thus an "employer" within the meaning of §1981, NYSHRL, and the SCHRL.

9. At all relevant times herein, Defendant Darren Zigon (hereafter "Darren") was Plaintiff's Supervisor and had the ability to make decisions regarding the terms and conditions of Plaintiff's employment. Upon information and belief, Defendant Darren is a Caucasian male. Defendant Darren is being sued herein in his official and individual capacities.

10. Defendant UPS and Defendant Darren are collectively referred to herein at times as "Defendants."

11. At all times relevant herein, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

12. On or about May 17, 2021, Defendant hired Plaintiff as a Package Delivery Driver Trainee earning $20.50 per hour.

13. Plaintiff was assigned to UPS facility, Hampton Center, located at 980 Horseblock Road, Farmingville, New York 11738.

14. On or about June 15, 2021, Plaintiff was making a delivery in East Quogue, New York.

15. Plaintiff arrived at the residential address where he was assigned to make a delivery. Thereafter, a white male, supervisor named Darren Zigon ("Darren") pulled up his UPS delivery truck and parked his truck directly behind Plaintiff's truck.

16. Defendant Darren exited his truck, aggressively approached Plaintiff, and yelled, "Take the fucking air pod out," "You're parked blocking the driveway; you're not parked close enough to the fucking curb, and your mirrors are not pulled in."

17. Upon information and belief, Defendant UPS has a policy that delivery drivers pull the mirrors in when they park the delivery truck on the street.

18. Plaintiff, confused and startled, asked Defendant Darren why he was speaking to Plaintiff in that manner. In response, Defendant Darren stated, "You're fucking done. You're fucking done, Nigger."

19. Instantly, Plaintiff felt humiliated by Defendant Darren's derogatory comments as such comments were made publicly in front of a customer's home while the customer was standing on the front yard with her two children.

20. As a result of Defendant Darren's intentional and offensive comments, Plaintiff instantly felt humiliated causing him to cry.

21. On or about June 15, 2021, Plaintiff reported Defendant Darren's abuse towards him to his supervisor, Mike (last name unknown) (hereinafter "Mike").

3

22. Mike, despite his duty to report Defendant Darren's conduct to the appropriate authority, failed to do so.

23. On or about June 16, 2021, Plaintiff reported Defendant Darren's racial abuse towards him to manager, Rob Hein (hereinafter "Rob").

24. Rob, despite his duty to report Defendant Darren's conduct to the appropriate authority, failed to do so.

25. On or about June 17, 2021, Plaintiff called Defendant UPS' corporate office to report Defendant Darren's abusive and derogatory behavior.

26. Defendant UPS connected Plaintiff to a third-party vendor called NAVEX Global.

27. Upon information and belief, Defendant UPS outsources its risk and compliance management to NAVEX Global.

28. Plaintiff verbally reported Defendant Darren's conduct via the employee hotline to Melissa (last name unknown) (hereinafter "Melissa"). To wit, Plaintiff specifically recounted the details surrounding the incident that occurred on June 15, 2021 and Defendant Darren's use of the word "Nigger."

29. Plaintiff was advised by Melissa that Defendant Darren's conduct would be investigated.

30. Shortly thereafter, Plaintiff attempted to inquire, via telephone, as to the status of the investigation, to no avail.

31. Instead, Defendant UPS disregarded and ignored Plaintiff's complaint.

32. Upon information and belief, Defendant UPS never formally investigated the matter.

33. Defendant UPS never provided Plaintiff with the findings of the investigation.

34. On or about June 18, 2021, Plaintiff was forced to resign.

35. The use of the word "Nigger" is the most egregious example of a racially hostile work environment imaginable. The utterance of this vile racial epithet creates a hostile work environment immediately.

36. Under such circumstances, any reasonable person, like Plaintiff, would have felt compelled to resign. Consequently, Plaintiff's resignation amounts to a constructive termination.

37. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional and physical distress.

38. As a result of Defendants' actions and conduct, Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally distressed.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

41. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law, and/or violation thereof.

42. As such, Plaintiff demands punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER SECTION 1981
*(Racial Discrimination)*

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. 42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

45. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of his race (Black).

46. Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions and loss of employment due to his race.

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL**
(*Race Discrimination against all Defendants*)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. New York State Executive Law §296(1)(a) provides that:

   It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (emphasis added)

49. As described above, Defendant discriminated against Plaintiff on the basis of his race, in violation of NYSHRL, by subjecting him to racial harassment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on his race, including the use of the word "Nigger."

50. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which he is entitled to an

award of monetary damages and other relief.

51. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

52. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## **AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER SCHRL**
*(Race Discrimination against all Defendants)*

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. The Regulatory Local Laws of Suffolk County § 528-7(A)(1) provides that

> It shall be an unlawful discriminatory practice: For an employer to refuse to hire or employ or to bar or to discharge from employment or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment because of such individual's group identity or status as a victim of domestic violence.

55. The Suffolk County Regulatory Local Laws §528-6 defines group identity as "[t]he actual or perceived **race**, color, creed, age, national origin, alienage or citizenship status, gender, sexual orientation, disability, marital status, or familial status of any individual, as well as the actual military status of any individual." (Emphasis added.)

56. As described above, Defendants discriminated against Plaintiff on the basis of his race in violation of the SCHRL by, including but not limited to, subjecting him to disparate working conditions, hostile work environment, and denying him the opportunity to work in an employment setting free of unlawful discrimination and harassment. As a result of Defendants' unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and

continues to suffer, loss of income, the loss of salary, bonus, benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

57. As a result of Defendants' unlawful discriminatory conduct in violation of the SCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## JURY DEMAND

58. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Section 1981, the New York State Human Rights Law, and The Suffolk County Human Rights Law in that Defendants created and maintained a hostile work environment and otherwise discriminated against Plaintiff on the basis of his race;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy Defendant's unlawful employment practices.

Dated: Garden City, New York
November 3, 2021

**PHILLIPS & ASSOCIATES, PLLC**

By: _____/s/_____
Darnisha A. Lewis-Bonilla
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 420
Garden City, New York 11530
T: (516)365-3731
Dlewis-bonilla@tpglaws.com